■ WANDA MORALES, as Administratrix of the Goods, Chattels and Credits of YADIEL RUBEN RIVERA, Deceased, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Respondent. [974 NYS2d 408]—Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 8, 2013, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the medical malpractice claims based on plaintiff's decedent's first two visits to defendant's emergency room, unanimously affirmed, without costs.

Plaintiff alleges that Jacobi Medical Center, a division of defendant New York City Health & Hospitals Corporation, committed malpractice in the care and treatment of plaintiff's decedent, Yadiel Ruben Rivera, during his three visits to the pediatric emergency department at Jacobi in January 2010, which resulted in his death at the age of three months due to a severe form of bacterial meningitis. The infant presented on January 2 with a 100.3 degree fever that spiked to 105 degrees, and again on January 4 with a fever of 104.3.

Defendant made a prima facie showing sufficient to warrant judgment dismissing the claims arising from the first two visits, through the affirmations of its medical expert and of the doctor who treated the infant during those two visits. The expert opined, *inter alia*, that the applicable standard of care did not require laboratory studies after the first visit, because the standard of care in treating infants with fever who otherwise look well had changed with the advent of vaccines, which now prevent most infections that used to be of concern to emergency medicine staff. He opined that the doctor appropriately ordered urinalysis at the second visit. The burden then shifted to the plaintiffs to lay bare their proof and demonstrate the existence of a triable issue of fact (*see Scalisi v Oberlander*, 96 AD3d 106, 120 [1st Dept 2012]; *Dallas-Stephenson v Waisman*, 39 AD3d 303, 307 [1st Dept 2007]).

In opposition to defendant's prima facie showing, plaintiff failed to raise a triable issue of fact as to whether defendant committed malpractice in the care and treatment of plaintiff's

decedent during his first two emergency room treatments. Plaintiff has not shown that defendant should have ordered blood cultures during these visits.

Accordingly, defendant's motion was properly granted. Concur—Tom, J.P., Andrias, Friedman, Freedman and Clark, JJ.